UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>12 Remicks Lane, Kittery, ME 03904 |
| Lawrence R. Olcott a/k/a Laurence R. Olcott | Mortgage:<br>September 6, 2006<br>Book 14948, Page 152 |
| Defendant | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, is the obligor and the total amount owed

under the terms of the Note is Two Hundred Seventy-Five Thousand Eight Hundred Two and 88/100 ($275,802.88) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, is a resident of Peabody, County of Essex County (Southern District) and State of Massachusetts.

## FACTS

6. On July 23, 1999, by virtue of a Warranty Deed from Department of Veterans Affairs, which is recorded in the York County Registry of Deeds in **Book 9622, Page 266**, the property situated at 12 Remicks Lane, Kittery, County of York, and State of Maine, was conveyed to the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On September 6, 2006, the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, executed and delivered to Washington Mutual Bank, FA a certain Note in the amount of $175,000.00. Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a

bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on September 6, 2006, the Defendant executed a Mortgage Deed in favor of Washington Mutual Bank, FA, securing the property located at 12 Remicks Lane, Kittery, ME 03904 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14948**, **Page 152**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated January 3, 2013 and recorded in the York County Registry of Deeds in **Book 16520**, **Page 681**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated May 23, 2018 and recorded in the York County Registry of Deeds in **Book 17720**, **Page 949**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On June 8, 2010, the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $189,404.87 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

12. On March 26, 2019, the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

14. The Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

18. The total debt owed under the Note and Mortgage as of June 7, 2019 is Two Hundred Seventy-Five Thousand Eight Hundred Two and 88/100 ($275,802.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $181,631.98 |
| Interest | $44,623.51 |
| Escrow/Impound Required | $25,128.61 |
| Total Advances | $24,418.78 |
| Grand Total | $275,802.88 |

19. Upon information and belief, the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related Mortgage and title located at 12 Remicks Lane, Kittery, County of York, and State of Maine. *See* Exhibit A.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of June 7, 2019 is Two Hundred Seventy-Five Thousand Eight Hundred Two and 88/100 ($275,802.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $181,631.98 |
| Interest | $44,623.51 |
| Escrow/Impound Required | $25,128.61 |
| Total Advances | $24,418.78 |
| Grand Total | $275,802.88 |

26. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, but only seeks *in rem* judgment against the property.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, on March 26, 2019, evidenced by the Certificate of Mailing.  *See* Exhibit G.

29. The Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, is not in the Military as evidenced by the attached Exhibit H.

30. If you are in bankruptcy or received a bankruptcy discharge of this debt, this is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

## COUNT II – EQUITABLE MORTGAGE

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. The intent of Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, and the original lender, Washington Mutual Bank, FA, on September 6, 2006, was to create a mortgage on the property commonly known as and numbered as 12 Remicks Lane, Kittery, ME 03904.

33. This intent is shown by the execution of a Promissory Note dated September 6, 2006 to Washington Mutual Bank, FA, in the amount of $175,000.00.

34. The value given at the time of the transaction was $175,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, and Washington Mutual Bank, FA on the date of the transaction, September 6, 2006, that a mortgage be granted on the subject property.

35. The aforesaid Promissory Note, specifically references 12 Remicks Lane, Kittery, ME 03904, as the "Property Address."

36. In addition to the aforesaid Promissory Note, Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott also executed a Mortgage on September 6, 2006, which particularly referenced exactly the same property address of 12 Remicks Lane, Kittery, ME 03904, which was referenced on the aforesaid Promissory Note.

37. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See*, *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230 (Me. 2017).

38. This defect is not related to the original execution of the documents, nor the intent of the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, not individually, or Washington Mutual Bank, FA, but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

39. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny; *See, Deschaine*, Fn. 2, Fn 4; *Pushard,* Fn 14.

40. It was the intent of Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott and Washington Mutual Bank, FA, at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the owner and holder of the subject Promissory Note.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

43. Equity requires that "what ought to have been done has been done." *See*, *Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

44. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See*, *Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

45. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

46. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property. Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, has no personal liability in this matter.

47. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Find that the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, as affected by the Defendant's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the subject property, is in breach of the Note by failing to make payment due as of November 1, 2013, and all subsequent payments;

c) Find that the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, entered into a contract for a sum certain in exchange for a loan;

d) Find that it was the intent of the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, and the original lender Washington Mutual Bank, FA, on September 6, 2006 to create a mortgage on the property commonly known as and numbered as 12 Remicks Lane, Kittery, ME 03904;

e) Impose an equitable mortgage upon the property commonly known as and numbered as 12 Remicks Lane, Kittery, ME 03904 for the benefit of the Plaintiff who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

f) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

g) Find that while the Defendant, Lawrence R. Olcott a/k/a Laurence R. Olcott, has no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 12 Remicks Lane, Kittery, ME 03904;

h) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

i) For such other and further relief as this Honorable Court deems just and equitable.

                                              Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust,
By its attorneys,

Dated: May 22, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com